IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERBERT HASHWAY, ID # 909193, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:12-CV-1374-P  (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this habeas case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice Correctional Institutions Division, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for aggravated robbery in 2000. On May 7, 2012, the Court issued a *Notice of Deficiency and Order* (NOD) notifying him that he had not paid the filing fee for this case or submitted a request to proceed *in forma pauperis* (IFP), and that he had not filed his petition on the proper form. He was ordered to pay the fee or submit an IFP application, and to submit his petition on the proper form, within thirty days. He was also expressly warned that failure to do so could result in dismissal of his case. More than thirty days have passed, but petitioner has not paid the filing fee, filed an IFP application or a petition on the proper form, or filed anything else.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order that he either pay the fee or submit an IFP application, and that he submit his petition on the proper form, within thirty days. He has not filed anything else to show that he intends to proceed with this case. It should therefore be dismissed for failure to prosecute or follow orders of the court.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless petitioner pays the $5 filing fee or submits an IFP application and a petition on the proper form within the time for filing objections to this recommendation.

**SIGNED this 20th day of June, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE